**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS**

| | | |
|---|---|---|
| WILLYVONNE ANDERSON, | ) | |
| individually and as a surviving daughter | ) | |
| of YVONNE JONES, Deceased, for the | ) | |
| use and benefit of herself as well as for | ) | |
| the use and benefit of all other | ) | Civil Action No. |
| beneficiaries of YVONNE JONES, | ) | |
| Deceased, | ) | JURY DEMAND |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARIUS E. HILL; | ) | |
| DHP HOLDINGS II CORPORATION; | ) | |
| DESA HEATING, LLC; DESA, LLC; | ) | |
| DESA INTERNATIONAL, INC.; | ) | |
| EMPIRE COMFORT SYSTEMS, INC.; | ) | |
| HEARTHRITE, INC.; | ) | |
| JOHN DOE WALL HEATER | ) | |
| MANUFACTURERS A and B, | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANT EMPIRE COMFORT SYSTEMS, INC.'S NOTICE OF REMOVAL

COMES Defendant EMPIRE COMFORT SYSTEMS, INC. ("EMPIRE") and, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b) respectfully shows the Court:

**I.    BACKGROUND**

On February 26, 2016, EMPIRE was served with a summons and Second Amended Complaint, attached hereto as *Exhibit A*, in a case styled*, Willyvonne Anderson, individually and as a surviving daughter of Yvonne Jones, Deceased, for the use and benefit of herself as well as for the use and benefit of all other beneficiaries of Yvonne Jones, Deceased v. Darius E. Hill;*

1

*DHP Holdings II Corporation; Desa Heating, LLC; Desa, LLC; Desa International, Inc.; Empire Comfort Systems, Inc.; Hearthrite, Inc.; John Doe Wall Heater Manufacturers A and B,* Civil Action No. CT-000331-16 in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, Tennessee. EMPIRE understands that Tre Hargett, Secretary of State of the State of Tennessee authorized his office to mail original and certified copies of the process, notice or demand by registered or certified return-receipt mail to Empire Comfort Systems, Inc. AKA/POE; Patrick B. Mathis, 23 Public Square, Belleville, IL 62220. The return receipt was signed on February 25, 2016.

## II.    FACTUAL BACKGROUND

Plaintiff's Second Amended Complaint arises from the injury and death of Yvonne Jones on February 16, 2015. Compl. ¶¶ 1, 20-21. Plaintiff alleges that Defendants, Darius E. Hill, DHP Holdings II Corporation, Desa Heating, LLC, Desa, LLC, Desa International, Inc., Empire Comfort Systems, Inc., Hearthrite, Inc., John Doe Wall Heater Manufacturers A and B caused Plaintiff Willyvonne Anderson and Yvonne Jones and to be exposed to dangerous gases and to suffer personal injuries due to defective and unreasonably dangerous wall heaters in a house Yvonne Jones lived in at 3075 Parker Road, Memphis, Tennessee.  Compl. ¶¶ 8, 16-21. Plaintiff alleges that Yvonne Jones died due to the aforementioned injuries.  Compl. ¶¶ 18, 20-21.

## III.    BASIS FOR REMOVAL

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity exists between all Defendants and Plaintiff, and the amount in controversy exceeds the value of $75,000. Plaintiffs are citizens and residents of the State of Tennessee. Compl. ¶ 1. Defendant EMPIRE is, and was at all times relevant to this case, a corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois.

Accordingly, EMPIRE is a citizen of the State of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1) (2015).  In her Second Amended Complaint, Plaintiff alleges that Darius E. Hill, now deceased, was a citizen of the State of Mississippi.  Plaintiff also alleges that all remaining named Defendants, DHP Holdings II Corporation, DESA Heating LLC, DESA, LLC, DESA International, Inc., and Defendant Hearthrite, Inc., are foreign corporations and thus are not citizens of the State of Tennessee.  The citizenship of fictitious Defendants John Doe Wall Heater Manufacturers A and B may be ignored for purposes of removal.  On information and belief the estate of Defendant Darius E. Hill consents to removal, and the remaining Defendants remain unserved at the time of the filing of this Notice of Removal.  In her Second Amended Complaint, Plaintiff prays for compensatory damages and punitive damages in an amount to be determined by a jury, the value exceeding $75,000, satisfying the amount in controversy requirement. Compl., p. 15.

## V.   EMPIRE HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

This Notice of Removal is filed within 30 days of service of the Summons and Second Amended Complaint on EMPIRE. Other than the Summons, Return of Summons, Second Amended Complaint and Plaintiff's First Request For Inspection to co-defendant Darius Hill, EMPIRE has not been served with any other pleadings or papers in this case. EMPIRE understands that the court file in the Circuit Court for Shelby County, Tennessee contains the Complaint, Amended Complaint, Summons to each defendant, Motion For Leave to Amend Complaint, Answer, Order Granting Leave to Amend Complaint, Second Amended Complaint, Return of Summons, Empire's Answer, Plaintiff's First Request For Inspection and nothing else. A true copy of this Notice of Removal is concurrently filed with the Circuit Court for Shelby County, Tennessee as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant EMPIRE gives notice that the action now pending against it in the Circuit Court for Shelby County, Tennessee has been removed therefrom to this Court.

Dated this 25th day of March, 2016.

Respectfully submitted,

LEWIS, THOMASON
KING, KRIEG & WALDROP, P.C.

By:/s/ Edd L. Peyton
J. Randolph Bibb, Jr., B.P.R. No. 09350
Edd L. Peyton, B.P.R. No. 25635
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rbibb@lewisthomason.com
epeyton@lewisthomason.com

*Attorneys for Defendant*
*Empire Comfort Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the forgoing Notice of Removal has been served upon the counsel for the parties in interest herein by United States Mail with sufficient postage thereon to carry the same to its destination:

N. Tyler Darby, Esq.
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, Tennessee 38134

*Attorneys for Plaintiff*

Darius E. Hill
789 Eddins Road
Coldwater, MS 38618-4936

Dated this 25th day of March, 2016.

/s/ Edd L. Peyton
Edd L. Peyton

6565149

S



**STATE OF TENNESSEE**
**Tre Hargett, Secretary of State**
Division of Business Services
William R. Snodgrass Tower
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

FILED
MAR 0 7 2016
CIRCUIT COURT CLERK
BY _____ D.C.

HON. JIMMY MOORE                                                03/03/2016
140 ADAMS AVE                                          Case #:CT-000331-16
MEMPHIS, TN  38103-2000                     Certified #:70150640000622782141
() -

RE: WILLYVONNE ANDERSON, INDIVIDUALLY AND AS SURVIVING DAUGHTER OF
YVONNE JONES, DECEASED, FOR THE USE AND BENEFIT OF HERSELF AS WELL
AS FOR THE USE AND BENEFIT OF ALL OTHER BENEFICIARIES OF YVONNE
JONES, DECEASED

VS: DARIUS E. HILL, ET AL

Dear Clerk,

      Enclosed are the following papers in the above styled case:

☑ Original Summons

☑ Affidavit and Endorsement

☑ Registered or Certified Return Receipt signed by:

     SIGNATURE ILLEGIBLE

☐ Registered or Certified letter returned refused

☐ Registered or Certified letter returned undelivered with notation:

                      Sincerely,

                      Tre Hargett
                      Secretary of State

Enclosures:  Original Documents

SS-4210 (Rev. 8/15)                                                    RDA 1003



**STATE OF TENNESSEE**
**Tre Hargett, Secretary of State**
Division of Business Services
William R. Snodgrass Tower
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## AFFIDAVIT AND ENDORSEMENT

Case #: CT-000331-16                                                    03/03/2016

Certified #: 70150640000622782141                        SOS Summons #: 02535404

RE: **WILLYVONNE ANDERSON, INDIVIDUALLY AND AS SURVIVING DAUGHTER OF YVONNE JONES, DECEASED, FOR THE USE AND BENEFIT OF HERSELF AS WELL AS FOR THE USE AND BENEFIT OF ALL OTHER BENEFICIARIES OF YVONNE JONES, DECEASED**

VS: **DARIUS E. HILL, ET AL**

I, <u>DARLENE LAWRENCE</u>, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

That on <u>02/16/2016</u>, I received from the plaintiff the original and certified copies of the process, notice or demand issued against <u>EMPIRE COMFORT SYSTEMS, INC. AKA/POE: PATRICK B MATHIS</u> whose address is: <u>23 PUBLIC SQUARE, BELLEVILLE, IL 62220</u>, and that on <u>02/19/2016</u>, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on <u>03/02/2016</u>, and returned to <u>SHELBY COUNTY - CIRCUIT COURT of MEMPHIS, TN</u> on <u>03/03/2016</u>.

*Tre Hargett*
Tre Hargett
Secretary of State

By: *Darlene Lawrence PH*

Sworn to and subscribed before me this
2nd day of March , 20 16

*Alesia D. Williamson*
Notary Public

My Commission Expires: 6-10-18

SS-4201(Rev. 9/15)                                                    RDA 1003

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2016 Feb 12 PM 2:47
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. CT-000331-16

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| WILLYVONNE ANDERSON, individually and as surviving daughter of YVONNE JONES, Deceased, for the use and benefit of herself as well as for the use and benefit of all other beneficiaries of YVONNE JONES, Deceased, | VS | DARIUS E. HILL; et al |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| | Method of Service: |
|---|---|
| EMPIRE COMFORT SYSTEMS, INC.<br>Please serve Registered Agent for Service of Process:<br>Patrick B. Mathis<br>23 Public Square, Suite 300<br>P.O. Box 307<br>Belleville, IL 62220 | ◯ Certified Mail<br>◯ Shelby County Sheriff<br>◯ Commissioner of Insurance (S)<br>◉ Secretary of State (S)<br>◯ Other TN County Sheriff (S)<br>◯ Private Process Server<br>◯ Other<br>(S) Attach Required Fees |

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on   N. TYLER DARBY                                    Plaintiff's

attorney, whose address is   WOLFF ARDIS, P.C., 5810 Shelby Oaks Drive, Memphis, TN, 38134

telephone  (901) 763-3336        within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED   2/12/16        By _____ , D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

2/12 20 16

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master        By: _____ , D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____

_____    By: _____

Signature of person accepting service             Sheriff or other authorized person to serve process

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

EMPIRE COMFORT SYSTEMS, INC.
SUITE 300, PO BOX 307
23 PUBLIC SQUARE
: PATRICK B MATHIS
BELLEVILLE, IL 62220

9590 9401 0070 5071 6288 16

2. Article Number *(Transfer from service label)*

7015 0640 0006 2278 2141

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery  2/20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

I HEREBY CERTIFY THAT I.

To the named Defendant _____

because _____ following

reason(s): _____

This _____ day _____

By: _____

Sheriff or other authorized person to serve process

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**WILLYVONNE ANDERSON,**
**individually and as a surviving**
**daughter of YVONNE JONES,**
**Deceased, for the use and benefit**
**of herself as well as for the use and**
**benefit of all other beneficiaries of**
**YVONNE JONES, Deceased,**



FEB 1 2 2016

CIRCUIT COURT CLERK
BY_____D.C.

                    **Plaintiff,**

**vs.**                                    Case No. CT-000331-16
                                           Div. II
**DARIUS E. HILL;**
**DHP HOLDINGS II CORPORATION;**
**DESA HEATING, LLC; DESA, LLC;**
**DESA INTERNATIONAL, INC.;**
**EMPIRE COMFORT SYSTEMS, INC.;**
**HEARTHRITE, INC.;**
**JOHN DOE WALL HEATER**
**MANUFACTURERS A and B**

                    **Defendants.**

## SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:**

Comes now Plaintiff, Willyvonne Anderson, individually and as a surviving daughter of

Yvonne Jones, Deceased, for the use and benefit of herself as well as all other beneficiaries of

Yvonne Jones, by and through counsel, and hereby files this Second Amended Complaint for

damages and states the causes of action against Defendants as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Willyvonne Anderson (the "Plaintiff") is a resident of Shelby County, Tennessee, and a surviving daughter of Yvonne Jones, who was also a resident of Shelby County, Tennessee and who died on February 16, 2015.

2. Upon information and belief, Defendant Darius E. Hill (the "Defendant Hill") is a resident of Tate County, Mississippi, but also resides, owns, maintains, inspects, services, rents and/or leases residential properties in Shelby County, Tennessee, including but not limited to 3075 Parker Road, Memphis, Tennessee 38109.

3. Upon information and belief, Defendant DHP Holdings II Corporation (the "Defendant DHP") is a foreign corporation in the business of designing, manufacturing and/or placing into the stream of commerce, among other things, wall heaters. Upon information and belief, Defendant DHP is the parent corporation of Defendants DESA Heating, LLC (the "Defendant DESA Heating"), DESA, LLC and (the "Defendant DESA"), DESA International, Inc. (the "Defendant DESA International") which are also in the business of designing, manufacturing and/or placing into the stream of commerce, among other things, wall heaters. Defendants DHP, DESA Heating, DESA International and DESA will hereinafter be collectively referred to as the "DESA Defendants." Upon information and belief, the DESA Defendants are foreign corporations doing business in the State of Tennessee and deriving substantial profits from the State of Tennessee. Upon information and belief, the DESA Defendants, individually and/or collectively, designed, manufactured, tested, sold and/or placed into the stream of commerce the wall heaters which are a subject of this lawsuit. The subject wall heaters were in a defective condition rendering them

2

unreasonably dangerous, and as a direct and proximate result, caused the injuries complained of herein and/or the death of Yvonne Jones.

4. Upon information and belief, Defendant Empire Comfort Systems, Inc. ("Defendant Empire") is a foreign corporation in the business of designing, manufacturing and/or placing into the stream of commerce, among other things, wall heaters. Upon information and belief, Defendant Empire is the parent corporation of Defendant HearthRite, Inc. and/or Defendant HearthRite, Inc. is a division of Defendant Empire and is also in the business of designing, manufacturing and/or placing into the stream of commerce, among other things, wall heaters. Defendant Empire and HearthRite, Inc. will hereinafter be collectively referred to as the "Empire Defendants." Upon information and belief, the Empire Defendants are foreign corporations doing business in the State of Tennessee and deriving substantial profits from the State of Tennessee. Upon information and belief, the Empire Defendants, individually and/or collectively, designed, manufactured, tested, sold and/or placed into the stream of commerce a wall heater(s) which is a subject of this lawsuit. The subject wall heater(s) was in a defective condition rendering it unreasonably dangerous, and as a direct and proximate result, caused the injuries complained of herein and/or the death of Yvonne Jones.

5. John Doe Wall Heater Manufacturers A and B (the "John Doe Defendants") are fictitious parties who or which caused, or contributed to cause, all damages, personal injuries and/or the death of Yvonne Jones as set forth herein by designing, manufacturing and/or placing into the stream of commerce a wall heater in a defective condition rendering it unreasonably dangerous. The identities of these fictitious party defendants are unknown to the Plaintiff, but the true identity of the John Doe Defendants will be substituted by amendment when their identity is ascertained.

6. This Court has subject matter and personal jurisdiction over the Defendants.

7. Venue is proper in Shelby County, Tennessee, pursuant to Tenn. Code Ann. § 20-4-101 *et seq*.

## FACTS

8. On or about January 28, 2015, Yvonne Jones was living at the house located at 3075 Parker Rd., Memphis, TN 38109 ("Subject House").

9. Plaintiff Willyvonne Anderson also spent time at the Subject House during the time Yvonne Jones lived at the Subject House.

10. The Subject House was owned, inspected, maintained, serviced, rented and/or leased by Defendant Hill.

11. On or about January 28, 2015, employees and/or agents of Memphis Light, Gas and Water noted that appliances in the Subject House were defective and/or causing health and safety hazards and required immediate attention, including wall heaters in the Subject House.

12. Upon information and belief, Defendant Hill's conduct, actions and/or omissions, including but not limited to the inspection, installation and/or maintenance of certain appliances (including but not limited to the wall heaters) within the Subject House and/or the inspection and/or maintenance of the Subject House generally, among other dangerous conditions, allowed dangerous gases such as carbon monoxide and/or carbon dioxide to be released into the Subject House.

13. Upon information and belief, Defendant Hill failed to maintain or keep the Subject House in a reasonably safe condition at the time of and/or during Yvonne Jones living in the Subject House.

4

14. Upon information and belief, the Subject House did not have appliances to detect dangerous gases and/or the detection appliances were not properly maintained by Defendant Hill.

15. Upon information and belief, the Subject House was in violation of applicable statutes, codes and/or regulations that were in full force and effect in the State of Tennessee, Shelby County and/or City of Memphis due to conduct, actions and/or omissions of the Defendant Hill.

16. Upon information and belief, Defendant Hill failed to warn Yvonne Jones and/or Willyvonne Anderson of the existence of the dangerous conditions in the Subject House which were present either at the time of and/or during Yvonne Jones living in the Subject House.

17. Upon information and belief, Yvonne Jones and Willyvonne Anderson were exposed to dangerous conditions including but not limited to dangerous gases due to the negligent conduct, actions and/or omissions of the Defendant Hill and suffered personal injuries.

18. Upon information and belief, Yvonne Jones was exposed to dangerous conditions including but not limited to dangerous gases due to the negligent conduct, actions and/or omissions of the Defendant Hill and suffered personal injuries and died.

19. Upon information and belief, Yvonne Jones and Willyvonne Anderson were exposed to dangerous gases and suffered personal injuries due to defective and unreasonably dangerous wall heaters in the Subject House that were designed, manufactured and placed into the stream of commerce by the DESA Defendants, Empire Defendants and/or the John Doe Defendants.

20. Upon information and belief, Yvonne Jones was exposed to dangerous gases, suffered personal injuries and died due to defective and unreasonably dangerous wall heaters in the Subject House that were designed, manufactured and placed into the stream of commerce by the DESA Defendants, Empire Defendants and/or the John Doe Defendants.

21. As a direct and proximate result of the negligent conduct, acts and omissions of Defendants, Yvonne Jones and Willyvonne Anderson suffered personal injuries. As a direct and proximate result of the negligent conduct, acts and omissions of Defendants, Yvonne Jones suffered personal injuries and died. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113 and/or pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq*. In addition and as described below, Plaintiff Willyvonne Anderson suffered substantial injury and other damages based upon the negligent infliction of emotional distress.

## COUNT I
### (NEGLIGENCE – DARIUS E. HILL)

22. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

23. Defendant Hill owed a duty of reasonable care to Yvonne Jones and Willyvonne Anderson when maintaining, inspecting, servicing, renting and/or leasing the Subject House.

24. Defendant Hill breached his duty of care to Yvonne Jones and Willyvonne Anderson by, including but not limited to, failing to properly maintain, inspect and service the Subject House, failing to provide and/or maintain proper detection appliances for the Subject House, failing to keep the Subject House within applicable statutes, codes and/or regulations, failing to warn Yvonne Jones and/or Willyvonne Anderson of the existence of dangerous conditions within the Subject House, and/or failing to maintain or keep the Subject House in a reasonably safe condition.

25. As a direct and proximate result of the negligent conduct, acts and omissions of Defendant Hill, Yvonne Jones and Willyvonne Anderson were exposed to dangerous conditions

6

including but not limited to dangerous gases and suffered personal injuries. As a direct and proximate result of the negligent conduct, acts and omissions of Defendant Hill, Yvonne Jones was exposed to dangerous conditions including but not limited to dangerous gases, suffered personal injuries and died. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113. In addition and as described below, Plaintiff Willyvonne Anderson suffered substantial injury and other damages based upon the negligent infliction of emotional distress.

## COUNT II
### (NEGLIGENCE PER SE – DARIUS E. HILL)

26. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

27. Defendant Hill owed Yvonne Jones and Willyvonne Anderson a duty to act with the highest degree of care in maintaining, inspecting, servicing, renting and/or leasing the Subject House including keeping the Subject House within applicable statutes, codes and/or regulations that were in full force and effect in the State of Tennessee, Shelby County and/or City of Memphis.

28. Plaintiff charges and alleges that Defendant Hill's negligent conduct, actions and/or omissions violated applicable statutes, codes and/or regulations that were in full force and effect in the State of Tennessee, Shelby County and/or City of Memphis, constituting negligence per se, including but not limited to the following:

   *T.C.A. section 66-28-304. Maintenance by Landlord.*

   *(a) The landlord shall:*

7

*(1) Comply with requirements of applicable building and housing codes materially affecting health and safety;*
*(2) Make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition;*

### Memphis Housing Code Sec. 48-146. Compliance with Division.

*No person shall occupy as owner-occupant, or let to another for occupancy, any building, structure, or premises for the purpose of living, cooking or eating therein which does not comply with the requirements.*

### Memphis Housing Code Sec. 48-149. Space heating, cooking and water heating devices

*Every space heating, cooking and water heating device located in a dwelling or multifamily dwelling shall be properly installed, connected and maintained, and shall be capable of performing the functions for which it was designed in accordance with applicable provisions of this chapter.*

### Memphis Housing Code Sec. 48-208. Cooking and heating equipment

*All cooking and heating equipment, components and accessories in every heating, cooking and water heating device shall be maintained free from leaks and obstructions, and kept functioning properly so as to be free from fire, health and accident hazards. All installations and repairs shall be made in accordance with the provisions of the building code, or other laws or ordinances of the city applicable thereto. Portable cooking and heating equipment flame is prohibited.*

### City of Memphis and Shelby County Joint Electrical Code 901.1 Unsafe Electrical Systems

*An electrical system which is unsafe, constitutes a fire hazard, or health hazard, or is otherwise dangerous to human life, as regulated by this code, is hereby declared as an unsafe electrical system.  Use of an electrical system regulated by this code constituting a hazard to health, safety or welfare by reason of inadequate maintenance, dilapidation, fire hazard, disaster, damage, or abandonment is hereby declared an unsafe use.  Such unsafe equipment and appliances are hereby declared to be a public nuisance and shall be abated by repair, rehabilitation, demolition, or removal.*

### City of Memphis and Shelby County Joint Electrical Code 1720.1 Removal of Unsafe Wiring

> *In existing dwelling unit previously wired with cord wiring, unauthorized extensions, or where other hazardous wiring conditions exist, all hazardous wiring shall be removed, and the new wiring installed to comply with the minimum requirements.*

29. As a direct and proximate result of the conduct, acts and omissions of Defendant Hill, Yvonne Jones and Willyvonne Anderson were exposed to dangerous conditions including but not limited to dangerous gases and suffered personal injuries. As a direct and proximate result of the conduct, acts and omissions of Defendant Hill, Yvonne Jones was exposed to dangerous conditions including but not limited to dangerous gases, suffered personal injuries and died. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113. In addition and as described below, Plaintiff Willyvonne Anderson suffered substantial injury and other damages based upon the negligent infliction of emotional distress.

## COUNT III
### (STRICT LIABILITY –
### DESA DEFENDANTS, EMPIRE DEFENDANTS AND
### JOHN DOE WALL HEATER MANUFACTURERS A AND B)

30. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

31. The DESA Defendants, Empire Defendants and Defendants John Doe Wall Heater Manufacturers A and B manufactured, supplied, warranted, sold and/or placed on the market and into the stream of commerce defective and/or unreasonably dangerous products, knowing that the wall heaters would reach consumers without substantial change in the condition in which it was sold.

9

32. At the time the wall heaters left the control of the DESA Defendants, Empire Defendants and the John Doe Defendants, the wall heaters were defective and/or in an unreasonably dangerous condition.  The wall heaters were not materially altered, modified or damaged.

33. The wall heaters were used for the purpose for which they were reasonably and foreseeably intended.

34. The wall heaters were defective and/or unreasonably dangerous because the design and manufacture created an unreasonable risk of causing exposure to dangerous gases under normal and foreseeable circumstances.

35. The DESA Defendants, Empire Defendants and the John Doe Defendants knowingly failed to adequately test the wall heaters before and during the design, production and sale of the wall heaters to the public and/or knowingly placed the dangerously designed and/or manufactured wall heaters into the stream of commerce.

36. The DESA Defendants, Empire Defendants and the John Doe Defendants also rendered the wall heaters unreasonably dangerous by failing to adequately warn consumers about the hazards of using the wall heaters because of the defective nature of the wall heaters as described above.

37. As a direct and proximate result of the conduct, acts and omissions of the DESA Defendants, Empire Defendants and the John Doe Defendants, Yvonne Jones and Willyvonne Anderson were exposed to dangerous gases and suffered personal injuries.  As a direct and proximate result of the conduct, acts and omissions of the DESA Defendants, Empire Defendants and the John Doe Defendants, Yvonne Jones was exposed to dangerous gases, suffered personal injuries and died.  Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and/or

pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.* and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113.  In addition and as described below, Plaintiff Willyvonne Anderson suffered substantial injury and other damages based upon the negligent infliction of emotional distress.

**COUNT IV**
**(NEGLIGENCE – DESA DEFENDANTS, EMPIRE DEFENDANTS AND JOHN DOE WALL HEATER MANUFACTURERS A AND B)**

38. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

39. At all times relevant to the Complaint, the DESA Defendants, Empire Defendants and the John Doe Wall Heater Manufacturers A and B owed to the general public, including Plaintiff, a duty to design, manufacture, distribute, market and sell only wall heaters which were not defective and/or unreasonably dangerous to use.

40. The DESA Defendants, Empire Defendants and the John Doe Defendants breached this duty to Plaintiff by designing, manufacturing, distributing, marketing and selling wall heaters in a defective and/or unreasonably dangerous condition as described above.

41. The wall heaters were dangerously defective and unsafe for normal and foreseeable use by and in the presence of the public because of its unsafe design and defective manufacture as set forth in earlier paragraphs.

42. The DESA Defendants, Empire Defendants and the John Doe Defendants negligently and/or knowingly failed to adequately inspect and/or test the wall heaters before and during the wall heaters' design, production and sale to the public and/or knowingly placed the unreasonably dangerous and/or defective wall heaters into the stream of commerce.

43. The DESA Defendants, Empire Defendants and the John Doe Defendants recklessly and/or knowingly failed to warn of the potential dangers posed to consumers and the public by the use of the wall heaters.

44. As a direct and proximate result of the conduct, acts and omissions of the DESA Defendants, Empire Defendants and the John Doe Defendants, Yvonne Jones and Willyvonne Anderson were exposed to dangerous gases and suffered personal injuries. As a direct and proximate result of the conduct, acts and omissions of the the DESA Defendants, Empire Defendants and the John Doe Defendants, Yvonne Jones was exposed to dangerous gases, suffered personal injuries and died.   Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and/or pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.* and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113.  In addition and as described below, Plaintiff Willyvonne Anderson suffered substantial injury and other damages based upon the negligent infliction of emotional distress.

## COUNT V
## (BREACH OF WARRANTY – DESA DEFENDANTS, EMPIRE DEFENDANTS AND JOHN DOE WALL HEATER MANUFACTURERS A AND B)

45. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

46. The DESA Defendants, Empire Defendants and the John Does Wall Heater Manufacturers A and B warranted, both expressly and impliedly, through their advertisements and/or through sales representatives, that the subject wall heaters were of merchantable quality, fit for the ordinary purpose for which they were sold.

47. The DESA Defendants, Empire Defendants and the John Doe Defendants are aware that consumers rely upon their representations when choosing, selecting, and purchasing wall heaters.

48. Because of the defective and/or unreasonably dangerous condition of the wall heaters, the wall heaters were neither of merchantable quality nor fit for the ordinary purpose for which it was sold, presenting an unreasonable risk of injury to users.

49. As a direct and proximate result of the conduct, acts and omissions of the DESA Defendants, Empire Defendants and the John Doe Defendants, Yvonne Jones and Willyvonne Anderson were exposed to dangerous gases and suffered personal injuries. As a direct and proximate result of the conduct, acts and omissions of the DESA Defendants, Empire Defendants and the John Doe Defendants, Yvonne Jones was exposed to dangerous gases, suffered personal injuries and died.   Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and/or pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.* and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113.   In addition and as described below, Plaintiff Willyvonne Anderson suffered substantial injury and other damages based upon the negligent infliction of emotional distress.

### COUNT VI
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DARIUS E. HILL, DESA DEFENDANTS, DEFENDANT EMPIRE AND JOHN DOE WALL HEATER MANUFACTURERS A AND B)

50. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

51. Defendants had a duty of reasonable care not to cause Plaintiff Willyvonne Anderson injury including serious and severe emotional injury and mental anguish.

52. Defendants breached this duty of care by causing Plaintiff Willyvonne Anderson injury including severe and serious emotional injuries and mental anguish due to their conduct, actions and/or omissions which caused the death of Yvonne Jones, the mother of Willyvonne Anderson.

53. As a direct and proximate result of the conduct, acts, and omissions of the Defendants herein, Plaintiff Willyvonne Anderson suffered injury including severe and serious emotional injuries and mental anguish.   Plaintiff Willyvonne Anderson has suffered substantial injury and other damages based upon the negligent infliction of emotional distress caused by Defendants herein.

### DAMAGES

54. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

55. As a direct and proximate result of the conduct, acts and omissions of the Defendants, Yvonne Jones and Willyvonne Anderson were exposed to dangerous conditions, dangerous gases and suffered personal injuries. As a direct and proximate result of the conduct, acts and omissions of the Defendants, Yvonne Jones was exposed to dangerous conditions, dangerous gases, suffered personal injuries and died.   As a direct and proximate result of Defendants' conduct, actions and/or omissions Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the wrongful death statute, Tenn. Code Ann. § 20-5-113 and loss of consortium pursuant to Tenn. Code Ann. § 20-5-113 and/or pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.* As a direct and proximate result of Defendants' conduct, actions and/or omissions Plaintiff Willyvonne

14

Anderson substantial injury and other damages based upon the negligent infliction of emotional distress and serious and severe emotional injury and mental anguish.

56. In addition, Defendants' conduct, acts and/or omissions as set forth above demonstrate that they acted with actual malice, gross negligence that evinces a willful, wanton or reckless disregard for the safety of others or that they committed actual fraud and thus warrants the imposition of punitive damages in this case in an amount to be set by a jury necessary to punish or deter Defendants and others and considering all reasonable factors under Tennessee law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendants as to all counts as follows:

     a. That a trial by jury be had on all issues;

     b. That Plaintiff recover a judgment for compensatory damages against Defendants;

     c. That Plaintiff recover a judgment for punitive damages against Defendants;

     d. That Plaintiff recover reasonable costs and court costs; and

     e. That Plaintiff have and receive any other further relief to which they may show themselves justly entitled.

Respectfully submitted,

N. Tyler Darby (TN Bar # 29720)
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134
Telephone (901) 763-3336
Facsimile (901) 763-3376
E-mail tdarby@wolffardis.com

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being forwarded via. U.S. Mail to the following on this 12th day of February, 2016.

Darius E. Hill
789 Eddins Road
Coldwater, MS  38618

DHP Holdings II Corporation
2701 Industrial Dr.
Bowling Green, KY 42101

Desa Heating, LLC
2701 Industrial Dr.
Bowling Green, KY 42101

Desa, LLC
2701 Industrial Dr.
Bowling Green, KY 42101

Desa International, Inc.
2701 Industrial Dr.
Bowling Green, KY 42101

N. Tyler Darby